# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO RAMIREZ, | CASE NO. 14cv433-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction filed by Defendant the United States of America. (ECF No. 4).

## I. Background

Plaintiff's action arises out of dental work performed at Logan Heights Family Health Center, a federally supported health center. On October 16, 2013, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego, against Defendants Ibrahim Sawaya, D.D.S., Everett Williams, D.D.S., and Logan Heights Family Health Center.

On February 25, 2014, the United States of America, on behalf of Defendants Ibrahim Sawaya, Everett Williams, and Logan Heights Family Health Center, removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(d). (ECF No. 1). In the Notice of Removal, the United States asserted that Defendants Sawaya and Williams acted within the scope of

1  their employment at Family Health Center of San Diego ("FHCSD") with respect to the
2  events that gave rise to the Complaint, which occurred on or after January 1, 2010, and
3  that Logan Heights Family Health Center is a federal delivery site of FHCSD. *Id.* at 2.
4  The United States concurrently filed a Notice of Substitution of the United States of
5  America as Defendant (ECF No. 3) and a Certification of Scope of Employment
6  pursuant to 28 U.S.C. § 2879(d) (ECF No. 2).

7        On February 26, 2014, the United States filed the Motion to Dismiss for Lack of
8  Subject Matter Jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil
9  Procedure. The United States moves to dismiss Plaintiff's claim on grounds that this
10 Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust his
11 administrative remedies by filing an administrative claim with an appropriate federal
12 agency prior to bringing his civil action, as required by the Federal Tort Compensation
13 Act. (ECF No. 4).

14       On March 4, 2014, the Court ordered Plaintiff to file any response to the Notice
15 of Substitution no later than March 14, 2014 and any opposition to the Motion to
16 Dismiss no later than March 24, 2014. (ECF No. 5).

17       On March 13, 2014, Plaintiff filed a document entitled "Certificate of Service"
18 which contained a response to the Notice of Substitution. (ECF No. 7). This document
19 appears to contain an Opposition to the Motion to Dismiss. *Id.* Plaintiff states in this
20 document, "I Domingo Ramirez oppose the Motion to Dismiss." *Id.* at 1.

21       On March 28, 2014, the Court ordered the United States be substituted as
22 Defendant in place of Defendants Ibrahim Sawaya, D.D.S., Everett Williams, D.D.S.,
23 and Logan Heights Family Health Center. (ECF No. 8).

24       On April 11, 2014, Plaintiff filed a Rebuttal, requesting to be personally heard
25 on his claim. (ECF No. 10).

26       The docket reflects that the United States did not file a reply to Plaintiff's filings.

27 **II.   Standard of Review**

28       A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction

may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Contentions of the Parties

The United States contends that Plaintiff filed his Complaint before he exhausted his administrative remedies as required by the Federal Tort Claims Act ("FTCA"). (ECF No. 4-1 at 4). The United States contends that this Court lacks jurisdiction to hear Plaintiff's suit and Plaintiff's case must be dismissed without leave to amend. *Id.* Plaintiff contends in the "Certificate of Service" that he opposes the "Motion to Dismiss ... because there is strong evidence ... that Logan Heights Family Center were negligent in the scope of their duties. The cost to repair the damage they have done will cost in excess of $25,000." (ECF No. 7 at 1).

Plaintiff contends in his "Rebuttal" that he "... request[s] to personally present to Judge Hayes ... [his] evidence on this matter, so Judge Hayes can view photos of the procedures done" (ECF No. 10 at 1).

### IV. Ruling of the Court

Pursuant to the Federal Tort Claims Act, a jurisdictional prerequisite to bringing a lawsuit in federal court against the United States in tort is the filing of an administrative claim with the appropriate federal agency. *Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992). Once the administrative claim has been filed, the federal agency has six months to act. 28 U.S.C. § 2675(a). The claimant can file a civil suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed. *Id.* Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing ... [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or

waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519.

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). As a general rule, a premature complaint cannot be cured through amendment, but instead the claimant must file a new suit. *Duplan v. U.S.*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS*, 823 F. Supp. 252, 254-55 (E.D. Cal. 1993)). "Allowing claimants generally to bring new suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan*, 188 F.3d at 1199.

Plaintiff failed to show that he presented an administrative claim to the appropriate federal agency and that either the agency: (1) denied his administrative claim; or (2) failed to pass a final resolution within six months. Plaintiff's suit was premature and the Court does not have subject matter jurisdiction over Plaintiff's FTCA claim. For this Court to have subject matter jurisdiction over Plaintiff's FTCA claim against the United States, Plaintiff must commence a new suit after his compliance with the administrative claim requirements of the FTCA. The Court finds that Plaintiff has failed to meet his burden of proving that this Court has subject matter jurisdiction over his claim against the United States brought under the FTCA.

## V. Conclusion

IT IS HEREBY ORDERED that the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) is GRANTED. Plaintiff's claims against Defendant the United States are DISMISSED without Prejudice.

DATED: May 2, 2014

**WILLIAM Q. HAYES**
United States District Judge